IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JEFFREY TARRATS,**

    Petitioner,

    v.                                             **CRIMINAL ACTION NO. 2:04cr16(7)**

**UNITED STATES OF AMERICA,**

    Respondent.

*MEMORANDUM ORDER*

Before the Court is Petitioner's Motion for Relief pursuant to Rule 36 of the Federal Rules of Civil Procedure. Petitioner requests that the Court correct a clerical error in the Court's Judgment and Commitment Order filed on October 15, 2004. Petitioner contends that at the time of sentencing, this Court stated that it would have imposed an alternative sentence of one hundred twenty (120) months imprisonment if the Court were not bound to follow the United States Sentencing Guidelines ("Guidelines"). However, the Court ultimately sentenced Petitioner to imprisonment for a period of two hundred sixty-two (262) months in accordance with the relevant Guidelines mandates. Petitioner argues that in light of the Supreme Court's subsequent ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his Judgment should be amended to impose the non-Guidelines alternative sentence.

In *United States v. Hammoud*, 381 F.3d 316, 353-54 (4th Cir. 2004), the United States Court of Appeals for the Fourth Circuit recommended that, during sentencing, district courts announce an alternative sentence determined pursuant to 18 U.S.C. § 3553(a) and treating the

Guidelines as advisory only. This Court followed this recommendation and announced an alternative sentence based on the sentencing factors enunciated in 18 U.S.C. § 3553(a). However, "[n]othing in *Hammoud* gave district courts authority to do anything more than announce alternative sentences. The alternative sentence plays its role when resentencing is required by *Booker*. *Booker*, in turn, applies retroactively only to cases that were pending on direct review when it was decided." *United States v. Nguyen*, 211 F. App'x 191, 193 (4th Cir. 2006).

The Court finds that Petitioner has not raised any meritorious ground to amend the Court's Judgment. There is no clerical error in the Judgment. This Court was not obligated to include language in the Judgment that would activate an alternative sentence once the Court was no longer bound to impose a sentence within the Guidelines range. Petitioner waived his right to appeal any sentence within the statutory maximum; thus, his case was not pending on direct review when *Booker* was decided and *Booker* does not provide a jurisdictional vehicle to activate the alternative sentence announced under *Hammoud*. Accordingly, Petitioner's Rule 36 Motion is **DENIED**.

The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
December 23, 2013